Case 11-01828    Doc 10    Filed 10/28/11    Entered 10/31/11 16:15:08    Desc Main
Document    Page 1 of 4

11-01828:7.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 10/21/2011 4:10:01 PM by:Christine Thurston Page 1 of 4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 11 B 34628 |
| Alpha Jeffery ) | Judge Hon. Schmetterer |
| ) | CHAPTER 13 |
| Plaintiff, ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| v. ) | |
| ) | |
| ) | ADV. NO. 11 AP 01828 |
| Specialized Loan Servicing ) | |
| Defendant. ) | |

## FINDINGS OF FACT

**A.    The Parties**

1.    The Plaintiff is Alpha Jeffery ("Plaintiff").

2.    The Defendant is Specialized Loan Servicing ("Defendant").

**B.    Factual Background**

1.    On or about August 24, 2011, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2.    Plaintiff owns the real estate commonly known as 12327 S. Throop Street, Calumet Park, IL 60827.

3.    That Select Portfolio Servicing holds a first mortgage lien on the real property commonly known as 12327 S. Throop Street, Calumet Park, IL 60827, with a secured claim of $110,271.00 pursuant to the Plaintiff's credit report.

4. The Defendant holds a second mortgage lien on the real property known as 12327 S. Throop Street, Calumet Park, IL 60827 in the approximate amount of $27,662.00 pursuant to the Plaintiff's credit report.

5. That the Plaintiff obtained an appraisal of the property on April 28, 2011 indicating the value of 12327 S. Throop Street, Calumet Park, IL 60827 as $80,000.00.

6. The first mortgage lien of Select Portfolio Servicing is a secured claim based on the mortgage recorded on September 14, 2006 as document number 0625720213 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of Specialized Loan Servicing is a secured claim based on the mortgage recorded on September 14, 2006 as document number 0625720214 with the Cook County Recorder of Deeds, Illinois.

8. The Modified Chapter 13 Plan filed on October 10, 2011 provides the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $350.00.00 per month for 36 months.

9. Under the Chapter 13 Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claims.

10. On September 1, 2011, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 12327 S. Throop Street, Calumet Park, IL 60827.

11. That on September 1, 2011, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Regular U.S. Mail, postage prepaid to an officer of the Defendant at 8742 Lucent Blvd. STE 300, Highlands Ranch, CO 80129, and upon the registered agent at 1315 W. Lawrence Ave.

Springfield, IL 62704.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the appraised value of $80,000.00.

15. The first secured claim of Select Portfolio Servicing in the amount of $110,271.00 exhausts the value and equity in Plaintiff's residence.

16. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

**A.   Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B.   Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first secured claim of Select Portfolio Servicing in the amount of $110,271.00, and the second secured claim of Specialized Loan Servicing in the amount of $27,662.00.

5. That value of Plaintiff's residence is $80,000.00.

6. To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void..." *11 U.S.C. § 506(d)*. If a debtor's chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. *11 U.S.C. §349(b)(1)(C)*. Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. §506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. §1322(b)(2) as implied by Nobelman v. American Savings Bank, 508 U.S. 324 (1993). See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2nd Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); Zimmer v. PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d 1357 (11th Cir. 2000).

Dated: 10/18/11

Enter:

United States Bankruptcy Judge

OCT 28 2011

Robert J. Semrad & Associates
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625